DISTRICT OF OREGON
**F I L E D**
September 03, 2021
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>MICHELLE Y. GILGAN,<br><br>        Debtor. | Bankruptcy Case<br>No. 19-32009-pcm13<br><br>OPINION |

This matter comes before the court on a Motion for Attorney Fees (the Motion) filed by Michelle Gilgan (Gilgan), the debtor in this chapter 13[1] case. Doc. 50. The Motion requires the court to decide whether a debtor may recover attorney fees for successfully defending a relief from stay motion under Oregon's reciprocal fee statute. Under the particular facts of this case, the answer is yes. For the reasons set forth below, Gilgan is entitled to her reasonable attorney fees.

---

[1] Unless otherwise noted, all references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101, et seq.

Page 1 – OPINION

FACTS AND PROCEDURAL BACKGROUND

Gilgan filed a chapter 13 petition on May 31, 2019. Doc. 1. Among the claims in Gilgan's case, is a claim arising from an auto lease (the Lease) with Infiniti Financial Services of Beaverton, Oregon, a subsidiary of Nissan Motor Acceptance Corporation (Nissan). P.O.C 13.

The Lease addresses default and payments in paragraph 24, which provides, in relevant part:

> In the event of default, [Nissan] may terminate this Lease and, after giving any legally required notice: . . . charge you for our costs of collection, any court costs and attorneys' fees to the extent permitted by applicable law. . . .

P.O.C. 13.

The court confirmed Gilgan's chapter 13 plan on July 26, 2019. In the plan, Gilgan assumed the Lease and represented that there was no arrearage. Shortly thereafter, Gilgan filed a First Amended Plan, which the court confirmed on November 22, 2019. The amended plan did not alter the treatment of Nissan's claim.

Nissan filed a motion for relief from the automatic stay (the MFR) on October 21, 2020, alleging that Gilgan had defaulted on the Lease by missing three monthly payments from August through October 2020, in the total amount of $2,013.48. Doc. 36. Gilgan filed a response to the MFR, disputing the amount of the default alleged by Nissan and stating that she could cure any default that existed. Doc. 38. Shortly after Nissan filed the MFR, Gilgan, through counsel, acknowledged that she had missed one monthly payment but disputed that the monthly payment amount

had increased as alleged by Nissan. Declaration of O'Brien in support of the Motion, Doc. 51, ¶ 4. Nissan refused to accept payments from Gilgan after it filed the MFR. Id.

The court held two preliminary hearings on the MFR, at which the parties reported they were attempting to resolve the MFR. Gilgan also reported that she was waiting for more information from Nissan regarding the alleged default, which Nissan had not yet provided.

The court set the MFR for an evidentiary hearing on February 16, 2021. Gilgan's counsel made numerous attempts to obtain information necessary to respond to the MFR during the pendency of the motion. He even went to the unusual step of serving a formal request for production on Nissan. Nissan did not respond to the informal requests for information or the formal request for production. In preparation for the evidentiary hearing, Gilgan filed an exhibit list, a witness list, and a copy of the one exhibit she intended to introduce at the hearing. Nissan did not file any documents.

At the evidentiary hearing, Nissan's counsel reported he did not have any witnesses available to testify and had no documents to offer into evidence. Gilgan reported frustration at Nissan's failure to provide information, but said she was ready to proceed with the evidentiary hearing.

Gilgan's counsel made an offer of proof at the evidentiary hearing that Gilgan had tendered sufficient funds into counsel's trust account to cure the alleged default. Gilgan also obtained admission of Exhibit A,

Page 3 – OPINION

which is a document, prepared by Nissan, that includes Gilgan's payments on the Lease and a running balance of the remaining amount due after each payment. Exhibit A shows that the Lease payment amount increased from $623.90 to $683.17 per month after Gilgan filed her bankruptcy petition. Gilgan explained that Nissan never sent her any statements showing that the monthly payment amount had increased or provided any explanation for the increase.

At the evidentiary hearing, Nissan's counsel explained, for the first time, that the monthly payment amount increased because Gilgan moved from Oregon to California postpetition, thereby making the Lease subject to California sales tax. Nissan did not, however, provide any evidence to support counsel's statements. In summary, Nissan did nothing to prosecute the MFR after Gilgan challenged it, forcing Gilgan to incur attorney fees that could have been avoided.[2]

The court determined that Nissan failed to provide any evidence that the payment amount due under the Lease had, in fact, increased, and thus that Gilgan was in default on that basis. In the context of a motion for relief from stay, the moving party bears the burden of coming forward with evidence to establish its *prima facie* case. 3 <u>Collier on Bankruptcy</u> ¶ 362.10 (Richard Levin & Henry J. Sommer eds., 16th ed.). "If the movant fails to make an initial showing of cause, . . . the

---

[2] At the evidentiary hearing, Gilgan's counsel offered that the lack of communication did not originate with Nissan's counsel, and that counsel for Nissan had done his best to be responsive and cooperative.

court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." In re Sonnax Indus., 907 F.2d 1280, 1285 (2d Cir. 1990). The court entered an order providing, in pertinent part, that the MFR "is denied for failure of [Nissan] to carry its burden of proof and failure to prosecute its Motion." Doc. 48. The court's order denying the MFR also required Nissan to provide payment instructions to Gilgan and provided that absent such instructions, she would be deemed current on the Lease by tendering payment to Nissan's counsel.

After entry of the order denying the MFR, Gilgan filed the Motion, requesting $4,123.50[3] in attorney fees pursuant to Fed. R. Civ. P. 54(d), made applicable to contested matters by Fed. R. Bank. P. 9014(c). A motion for relief from stay gives rise to a contested matter. In re Anderson, 390 B.R. 812, 814 (Bankr. D. S.C. 2007). Gilgan argued in the Motion that she was entitled to an attorney fee award because she was the prevailing party on the MFR and the attorney fee clause in the Lease should be enforced reciprocally under Oregon law. Doc. 50.

Nissan failed to respond or object to the Motion within the 14 days required by LBR 9013-1(c). The court gave Nissan a second bite at the

---

[3] The amount of $4,123.50 is consistent with the amount stated on page one of the Motion and counsel's declaration in support of the Motion. The conclusory paragraph of the Motion references $6,225.50, but that figure appears to be an error. Gilgan is not requesting attorney fees attributable to the single missed payment discussed above.

Page 5 – OPINION

apple, and entered an order setting a hearing and giving Nissan 14 additional days to file a response.  Nissan then filed its objection to the Motion, Doc. 58, asserting that Gilgan was not entitled to fees as the prevailing party, because the MFR was denied for failure to prosecute, not on its merits.

LEGAL STANDARD AND ANALYSIS

A court looks to state law to determine whether a party is entitled to attorney fees as the prevailing party on a contract.  In re Penrod, 802 F.3d 1084, 1087-90 (9th Cir. 2015)(holding that the debtor, as the prevailing party on a contract, was entitled to recover her reasonable attorney fees under California's reciprocal fee statute).

Oregon law controls this dispute.  ORS 20.096 provides, in pertinent part:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

ORS 20.096(1).  Under subsection (3) of ORS 20.096, a "'contract' includes any instrument or document evidencing a debt."  The Lease evidences a debt, and therefore is a contract under ORS 20.096.

As a threshold matter, the court rejects Nissan's argument that Gilgan is not entitled to attorney fees because she was not the prevailing party.  The "prevailing party" is "the party who receives a

Page 6 – OPINION

favorable judgment . . . on [a] claim." ORS 20.077(2).  Gilgan received a favorable judgment when the court denied the MFR.  Therefore, Gilgan is the prevailing party.  There is no requirement that a court must render a decision on the merits of a dispute for a party to qualify as the prevailing party under ORS 20.077.  See <u>Northwest Country Place, Inc. v. NCS Healthcare of Or., Inc.</u>, 201 Or. App. 448, (2005) (defendant was prevailing party where plaintiff failed to make out *prima facie* case for judgment on its behalf).

To determine whether a party is entitled to prevailing party fees under ORS 20.096, the relevant inquiries are: (1) "whether the action at issue [is] based on a contract providing for prevailing party attorney fees[,]" and, if so, (2) whether the fees requested are reasonable. <u>U.S. Bank Nat'l Assoc. v. Edwards</u>, Case No. 3:16-cv-01307-AC, 2019 WL 2331704 at *2-3 (D. Or. Mar. 14, 2019).  In determining whether an action in a bankruptcy case is one to enforce a contract, "substance should prevail over form."  <u>In re Hawkeye Entm't, LLC</u>, 625 B.R. 745, 757 (Bankr. C.D. Cal. 2021).

### I. The MFR WAS AN ACTION BASED ON A CONTRACT UNDER ORS 20.096

Federal bankruptcy law does not preclude the recovery of contractual attorney fees solely because the fees were incurred in bankruptcy litigation.  <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 448-49 (2007).  "[A]n otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under

substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." Id. at 448.

The Ninth Circuit Court of Appeals held, in In re Johnson, 756 F.2d 738, 740-41 (9th Cir. 1985), that a creditor's motion for relief from stay brought under § 362(d)(4) was not an "action on a contract" under California's reciprocal fee statute, Cal. Civ. Code § 1717.[4] In Johnson, the debtor's attorney requested, and the bankruptcy court awarded, fees under California's reciprocal fee statute after the debtor prevailed on a motion for relief from stay. In reversing the bankruptcy court's award of attorney fees, the Ninth Circuit noted that relief from stay litigation is handled in a summary fashion, because such actions typically are limited to issues of lack of adequate protection, the debtor's equity in property, and the necessity of the property to an effective reorganization. Motions for relief from stay, the Johnson court observed, "ordinarily" are resolved without reference to state contract law. Id. at 740. An award of attorney fees is not proper, the

---

[4] Cal. Civ. Code § 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

Page 8 – OPINION

court in Johnson concluded, "[w]hen, as here, federal and not state law" governs "the substantive issues involved" in the motion for relief from stay. Id. at 741.

The ongoing vitality of Johnson came into question after the Supreme Court's decided in Travelers that an award of attorney fees based on a contract is not precluded simply because the fees were incurred in bankruptcy litigation. Travelers expressly addressed and abrogated the Ninth Circuit case, In re Fobian, 951 F.2d 1149, 1153 (9th Cir. 1991), which held that fees were not appropriate to litigate issues "peculiar to federal bankruptcy law," absent bad faith or harassment by the losing party.[5] Travelers, 549 U.S. at 451-52. Johnson relied on Fobian in reversing the bankruptcy court's fee award under California's reciprocal fee statute.

Almost ten years after Travelers, the United States District Court for the Northern District of California, in Green Tree Servicing LLC v. Giusto, 553 B.R. 778 (N.D. Cal 2016), addressed the question of whether Travelers overruled Johnson. The District Court, in an appeal from a bankruptcy court order awarding fees in the context of a motion for relief from stay, held that Johnson remains good law and reversed the

---

[5] There are no cases analyzing whether a relief from stay motion in a bankruptcy case can qualify as an action "based on a contract" under ORS 20.096. The issue was discussed in In re Rubottom, 142 B.R. 407 (Bankr. D. Or. 1992). However, the court in Rubottom ultimately denied the creditor's attorney fee request under the Fobian rule. As stated, the Supreme Court discussed and expressly overruled Fobian in Travelers.

Page 9 – OPINION

bankruptcy court's attorney fee award.  The court described the question in Johnson as "whether a motion for relief from an automatic stay pursuant to 11 U.S.C. § 362(d) is an 'action on a contract' to which California law should be applied."  553 B.R. at 782.  It answered that question by stating that case law and the nature of stay relief proceedings support the conclusion that stay relief proceedings are not actions on a contract.  Id. at 786.

The District Court in Green Tree also rejected the debtor's argument that the case was factually distinguishable from Johnson.  The debtor argued that it opposed relief from stay on standing grounds, by challenging the creditor's right to enforce the contract, and, therefore, the dispute was an action on the contract.  The court in Green Tree rejected that argument because "Johnson held that the 'summary fashion' of these proceedings precludes them from functioning as an action on a contract."  Id. at 786.  The court also observed that the challenge made by the debtor did not concern the enforceability of the contract itself, but the creditor's standing to bring the motion for relief from stay.

Most recently, the United States District Court for the Central District of California issued an unpublished decision affirming a bankruptcy court's decision to deny an attorney fee award to a debtor who prevailed on a relief from stay action because the proceeding did not place the enforceability of the contract at issue.  Menco Pac., Inc. v. Int'l Fid. Ins. Co., Case No. LA CV17-07830 JAK, 2019 WL 653086 at

*1-2 (C.D. Cal. Feb. 15, 2019). According to the District Court, "the Bankruptcy Court acted only to resolve questions as to the scope and effect of federal bankruptcy law." Id. at *5.

Menco is distinguishable from this case. Nissan moved for relief from stay to enforce the terms of the Lease by asserting it had the right to collect a higher payment amount based on a substantive provision of that contract. Nissan failed to prove its case and Gilgan prevailed. After this court's decision regarding the scope of the default, there was no contractual dispute left to litigate in state court. Nissan sought to enforce its rights to charge a higher monthly payment amount under the Lease, and it lost.

I agree that Travelers did not overrule Johnson, but disagree that Johnson establishes a categorical ban on attorney fee awards in connection with motions for relief from stay. Under Johnson, when relief from stay litigation involves only the standard issues of adequate protection, the existence of an equity cushion, and whether the property is necessary for an effective reorganization, attorney fees are not recoverable under Cal. Civ. Code § 1717.[6]

---

[6] The language of Cal. Civ. Code § 1717 and ORS 20.096 is not identical. Arguably, ORS 20.096 is broader because it references actions "based on a contract," while § 1717 refers to "any action on a contract." The court expresses no opinion whether a relief from stay motion that presents only the more prevalent issues of adequate protection, the debtor's equity in the property, or the necessity of the property for an effective reorganization would be an action "based on a contract" under ORS 20.096.

Page 11 - OPINION

If, however, a motion for relief from stay requires the bankruptcy court to determine and enforce contractual provisions, it follows that the action is one that is "based on a contract" under ORS 20.096. In this case, although Nissan checked boxes in the MFR asserting lack of adequate protection and lack of equity, as well as failure to make direct payments required by a chapter 13 plan, Nissan ultimately relied only on its allegation Gilgan was in default because she failed to pay the amount by which her monthly payment had increased under paragraph 17 of the Lease, which provides that "[s]hould [Nissan] have to pay any official fee or tax on your behalf, you will pay us the amount of the official fee or tax, and any interest or penalties assessed." The MFR ultimately did not implicate questions of adequate protection, Gilgan's equity in the property, or the necessity of the property for a successful reorganization. The only statutory ground for stay relief that the MRF did implicate was whether there was cause for stay relief due to Gilgan's alleged failure to pay all amounts due under the Lease. Thus, under the particular circumstances of this case, the MFR was an action "based on a contract."

The court's decision in this case reconciles <u>Johnson</u> with <u>Travelers</u> and is consistent with the evolution of Ninth Circuit caselaw following both of those decisions. In <u>In re Penrod</u>, the Ninth Circuit allowed the recovery of attorney fees under a state reciprocal fee statute when a contractual dispute was decided under the Bankruptcy Code, not under state law. <u>802</u> F.3d at 1090. In <u>Penrod</u>, the debtor filed a chapter 13

Page 12 – OPINION

plan in which she bifurcated a $26,000 auto loan into a $16,000 secured claim and a $10,000 unsecured claim. Id. at 1085-86. Under the plan, the secured claim would be paid in full, and the unsecured claim would be paid only if the debtor had sufficient disposable income. Id. at 1086. The creditor objected to the proposed plan on the grounds that the claim should be treated as fully secured under what is known as the "hanging paragraph" of § 1325. Id. The parties litigated the applicability of the hanging paragraph and the debtor ultimately prevailed. Id. at 1086-87. The debtor then applied for an award of attorney's fees under California's reciprocal attorney fee statute. Id. at 1087.

The bankruptcy court denied the fee request on the grounds that the plan confirmation dispute was not an action on the contract, because resolution of the dispute turned on a question of federal bankruptcy law. Id. The district court affirmed.

The Ninth Circuit reversed both the bankruptcy and district courts, citing an overly narrow reading of California's reciprocal fee statute. Id. at 1088.

In reversing, the court stated that, "[u]nder California law, an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract." Id. at 1088. The creditor had sought to enforce provisions of its contract with the debtor when it objected to confirmation of her proposed chapter 13 plan.

Page 13 – OPINION

> The sole issue in the hanging-paragraph litigation was whether [a] provision of the contract should be enforced according to its terms, or whether its enforceability was limited by bankruptcy law to exclude the negative-equity portion of the loan. By prevailing in that litigation, [the debtor] obtained a ruling that precluded [the creditor] from fully enforcing the terms of the contract.

Id. at 1088 (internal citation omitted). Although Penrod did not involve a relief from stay motion, the case demonstrates that where, as here, a party seeks to enforce provisions of a contract, attorney fees should be awarded under a state's reciprocal fee statute.

In summary, I find Gilgan was the prevailing party on the MFR and that the MFR was an action based on a contract under ORS 20.096.[7]

## II. THE FEES ARE REASONABLE AS REQUESTED

Finally, the court must address the reasonableness of the fees requested by Gilgan. U.S. Bank Nat'l Assoc. v. Edwards, Case No. 3:16-cv-01307-AC, 2019 WL 2331704 at *3 (D. Or. Mar. 14, 2019). Nissan did not object to the motion on the basis that the fees sought are unreasonable. As is my standard practice, I have independently reviewed the fees and find that they are reasonable and should be awarded in full.

CONCLUSION

The Motion will be granted. Counsel for Gilgan should submit an order consistent with this opinion.

---

[7] The court expresses no opinion whether a lender may charge a debtor's account for attorney fees associated with bringing a relief from stay motion if such an action is not one based on a contract.

Page 14 – OPINION